UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROSALYNN JONES

VERSUS

LOUISIANA WORKFORCE COMMISSION
STATE OF LOUISIANA

CIVIL ACTION

NO. 10-CV-00842

## **RULING ON MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on a Motion for Summary Judgment (doc. 16) by Defendants Louisiana Workforce Commission ("LWC") and the State of Louisiana ("State"). Plaintiff Rosalynn Jones ("Jones") filed an opposition (doc. 20) to which Defendants replied (doc. 21). This Court's jurisdiction exists pursuant to 28 U.S.C. § 1331. For the reasons stated herein, Defendant's motion is GRANTED.

## **Background**

The Plaintiff, Rosalynn Jones, worked for the LWC, a state agency, from October 24, 2005 until August 12, 2008. Initially, Jones, an African-American, was a reintegration counselor at Renaissance Park ("RP"), providing assistance to individuals in need of jobs, permanent housing, and other necessities. Jones conducted various activities with these individuals, interviews and resume-building sessions among them. On October 1st, 2007, Jones applied for, and gained, a position within the Trade Adjustment Assistance unit ("TAA"), a subdivision of the LWC. Subsequently, Jones was reclassified as an employee of the TAA. Her employment was conditioned on a six month probationary period,

during which her performance would be evaluated. Delores McCrory ("McCrory"), a TAA employee nearing retirement, trained Jones. McCrory gave Jones one-on-one training, shared manuals and workbooks, and conducted an orientation training session with Jones for displaced workers. McCrory retired after about a week and a half, ending the one-on-one training.

Jones was dissatisfied with her supervisor, Bonnie McKneely ("McKneely"). McKneely, who is also African-American, extended the probationary period for an additional three months in order to further evaluate the performance of Jones. Jones then came under the tutelage of a new supervisor, Lydia Crockett ("Crockett"), in May of 2008. Jones conducted a worker orientation session under Crockett's supervision, and Crockett, who is white, was satisfied with the performance of Jones. The following events are in dispute: Crockett claims to have discovered that Jones 1) failed to perform one orientation session by unceremoniously ending correspondence with a client and 2) spoke unfavorably of her job at another orientation session. Though not mentioned in the initial complaint, an issue of retaliation has emerged among the parties. Jones filed a grievance with her employer alleging that she received inadequate training, and the LWC fired Jones seven days later. Jones was replaced by another African-American, Lakeisha Johnson. After being terminated, Jones sought a right to sue from the EEOC, received it, and filed suit against the State of Louisiana and the Louisiana Workforce Commission for employment

discrimination based on her race. After discovery closed, Defendants filed this Motion for Summary Judgment.

## Standard of Review

Summary judgment should be granted when the pleadings depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine dispute of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). If the moving party demonstrates that nonmovant has insufficient proof of an element that the nonmovant bears the burden of proving at trial, the moving party has met its burden. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmovant to put forth evidence or identify facts establishing the existence of a genuine dispute of material fact. *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000). Reasonable inferences are to be made in favor of the nonmovant. *Evans v. City of Bishop*, 238 F.3d 586, 589 (5th Cir. 2000).

## Discussion

A. Discrimination Claim

The standard for an employment discrimination claim requires a Plaintiff to demonstrate that she: 1) is in a protected class, 2) is sufficiently qualified, 3) suffered an adverse employment action, and 4) was treated less favorably than similarly situated persons not in the protected class. *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007). If Plaintiff establishes these elements, the

3

burden shifts to the Defendant, who must demonstrate a non-discriminatory reason for the action taken. *Id.* Here, the Defendant must merely produce evidence of a legitimate reason, not convince the Court that this reason was the actual reason for the action. *Id.* If Defendant can meet this burden, the Plaintiff must show that this reason is merely a pretext for a discriminatory action. *Id.* Plaintiff's responsibility is to make this showing for each legitimate reason offered by Defendant. *Id.*

Defendants do not dispute that Plaintiff meets elements 1) and 3) of the prima facie case. Jones is African-American, a protected class, and as she was fired, she suffered an adverse employment action. Defendants do claim Plaintiff fails to meet her burden on elements 2) and 4). As the Court finds that no genuine dispute of material fact exists concerning element 4), it will pretermit discussion of element 2).

Plaintiff has produced no evidence that would allow a reasonable jury to infer that the LWC treated her less favorably than similarly situated employees outside of the protected class. Neither white employee presented by Plaintiff, Louise Harrell ("Harrell") nor McCrory, is similarly situated to Jones. Most significantly, neither Harrell nor McCrory was terminated for alleged rules violations. As this was the reason Plaintiff was terminated, the burden is on her to show the Defendant has not terminated other, non-African American employees who broke rules. As Plaintiff has not introduced any such evidence, she cannot meet her burden of establishing a prima facie case for racial discrimination. As

4

there is no genuine dispute of material fact as to element 4), summary Judgment is granted in favor of Defendant on this claim.

B. <u>Retaliation</u>

Though not mentioned in the initial complaint, the briefs raise the issue of retaliation. Specifically, Plaintiff now claims she was fired for filing an in-house grievance. The parties focus on whether or not retaliation arises out of the discrimination claim. However, the Court finds no evidence a claim of retaliation was raised in the complaint. Therefore, the question is moot. Further, the Court finds no basis for granting leave to amend the complaint.

## **Conclusion**

Accordingly, Defendant's Motion for Summary Judgment (doc. 16) is GRANTED.

Signed in Baton Rouge, Louisiana, on June 5, 2012.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**